**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MOHAMMED AKAR,

Petitioner,

v. Case No. 3:26-cv-1608-WWB-PDB

SECRETARY MARKWAYNE MULLIN,
et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee at Baker Correctional Institution, initiated this, action, with help from counsel, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Federal Respondents filed a Response (Doc. 8) with exhibits (Doc. Nos. 8-1 to 8-2). Petitioner then filed a counseled Reply (Doc. 13). The case is ripe for review.

## I. PETITION AND BACKGROUND

Petitioner, a native of Lebanon, entered the United States, along with his family, on April 15, 1986. (Doc. 1 at 4). Petitioner was six years old at that time. (*Id.*). On October 7, 2011, an immigration judge ordered Petitioner removed to Lebanon. (*Id.*). Petitioner's removal order became final on June 17, 2013. (*Id.*). On July 2, 2024, Immigration and Customs Enforcement ("**ICE**") detained Petitioner, and, the next day, it released Petitioner on an Order of Supervision ("**OSUP**"). (*Id.*). ICE re-detained Petitioner on December 16, 2025. (*Id.*).

Petitioner remains in ICE custody. He asserts that his prolonged detention has violated his rights under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and there is no significant likelihood of his removal in the reasonably foreseeable future. (*Id.* at 4, 6). As relief, he seeks, *inter alia*, immediate release from immigration detention. (*Id.* at 6).

**II. ANALYSIS**

Once an alien is ordered removed, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("[Section] 1231 explains what to do if the alien is ordered removed."); *see also Deshati v. Noem*, No. 25-cv-15940, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Pursuant to § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2)(A).

The Supreme Court has held that indefinite detention of aliens raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal*." *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section

1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Here, ICE took Petitioner into custody on December 16, 2025, and he filed this case 188 days later, on June 22, 2026. (Doc. 1 at 4). It is undisputed that Petitioner was in ICE custody for over six months at the time he filed this case. (Doc. 8 at 5). Thus, the Court must consider whether Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

Despite his order of removal becoming final in 2013, Petitioner has remained in the United States on an OSUP for more than thirteen years. (Doc. 1 at 4). He states that removal is unlikely to occur in the reasonably foreseeable future because he has been unable to obtain a Lebanese passport, despite making "every possible effort" to do so, and he "cannot be deported to Lebanon unless and until he is issued a Lebanese travel

document." (*Id.* at 5). Petitioner also contends that, "[h]e will be eligible for a judicial stay of deportation if ICE takes any action to execute the order of removal" because he is seeking relief in the Eleventh Circuit Court of Appeals based on his "well-founded fear of persecution if returned to Lebanon." (*Id.*). Finally, Petitioner states that ICE has deported few individuals to Lebanon because travel to the country is "perilous," and, when deportations occur, they are delayed. (*Id.*).

Given the record, the Court finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, the burden shifts to Federal Respondents to "respond with evidence sufficient to rebut that showing." *Akinwale*, 287 F.3d at 1052.

Federal Respondents contend that there is a significant likelihood of removal in the reasonably foreseeable future. (Doc. 8 at 1). In support of that argument, Federal Respondents maintain that, on May 19, 2026, ICE submitted to Lebanon a "travel documents packet[,] . . . but at that time there were no charter flights available due to turmoil in the region." (*Id.* at 6). They have also provided the Declaration of Deportation Officer Angel Diaz who advises that given the issues with the May 2026 attempt, ICE submitted another travel document packet for Lebanon's approval on June 4, 2026. (*Id.*; Doc. 8-2 at 3).

But Federal Respondents' assertion that Petitioner's detention remains reasonable under *Zadvydas* because of the significant likelihood of removal in the reasonably foreseeable future is speculative and unsupported. It has been over two months since Federal Respondents submitted their second travel document request, (Doc. 8-2 at 3), yet Petitioner remains in ICE custody. *See* Online Detainee Locator System, ICE,

available at https://locator.ice.gov/odls/#/search (last visited Aug. 18, 2026). Indeed, Federal Respondents have not provided the Court—or Petitioner—with an update regarding whether they have acquired the documents necessary to effectuate Petitioner's removal. (*See generally* Doc. 8). Further, even if they obtain the documents, Federal Respondents do not explain when, or how, they plan to remove Petitioner. (*See generally id.*; *see also* Doc. 13 at 4).

Based on the evidence presented, the Court finds Federal Respondents have failed to show a significant likelihood that Petitioner will be removed in the reasonably foreseeable future. Therefore, Petitioner is entitled to release from detention under *Zadvydas*.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED**.
2. Respondents shall release Petitioner, subject to supervision under 8 U.S.C. § 1231(a)(3), **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.
3. Respondent Warden's Motion to Dismiss (Doc. 10) is **DENIED**.
4. The **Clerk** shall enter judgment granting the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:
Counsel of Record